EVARISTO VALENTÍN, Plaintiff and Appellee, v. JULIO VARGAS ROSADO ET AL., Defendants and Appellants.

No. 32. Decided June 29, 1962.

Córdova & González and Héctor Martínez Muñoz for appellants. J. Alemañy Sosa for appellee.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Dávila.

PER CURIAM.

This action was brought in the District Court, Mayagüez Part. The owner of a public-service automobile sued the former owner of a truck in whose name it was registered in the Department of Public Works and the insurance company to recover the damages sustained by his vehicle as a result of a collision with the truck. Another defendant, the true owner of the truck at the time of the accident, was joined prior to the trial. The policy covered the latter and the former owner. The defendant last joined did not answer the complaint and his default was entered. The action was dismissed. He appealed to the Superior Court.

The appeal having been perfected, the superior judge remanded the case to the district court with instructions "to elaborate further on Finding of Fact No. 3 regarding the circumstances under which the vehicles involved in this accident ran into each other at that curve," and "to proceed to make specific findings on the following particulars:

"1. Width of the road at the scene of the accident.
"2. Direction of the curve in relation to the direction in which the vehicles were traveling.
"3. Position of the vehicles in relation to the center of the road at the time of the impact.
"4. Condition of the brakes of the defendants' truck."

He ordered that "the District Court shall hold a new hearing to enable the parties to introduce additional evidence on these particulars." He then entered an order to the effect that "the District Court shall hold a new hearing in the case only if deemed necessary to enable it to elaborate further on its findings of fact as respects the particulars mentioned in the order entered . . ."

The district court held a hearing and received evidence. In formulating the additional findings required by the superior court, it stated as follows:

"The court, in the exercise of its discretion, set the hearing referred to above for May 8. The parties appeared on that day represented by their respective attorneys of record. The defendant objected to the reception by the court of additional evidence on the ground that it is contrary to law.

"After taking due notice of this opposition, the court heard the evidence on which these Additional Findings and those formulated hereinbelow are based:

"1. The width of the road is approximately 26 feet, including the stone pavement on the sides, and the paved portion of the road is only 16 feet.

"2. The trajectory of the curve in relation to the direction in which the De Soto vehicle was traveling is to the left and in the direction of the truck to the right.

"3. Both vehicles were traveling along their respective rights and when the impact occurred the De Soto car was moving along its right and the truck on its left.

"4. The condition of the brakes of the defendants' truck was not the contributing factor of the accident. The evidence on this point introduced by the defendants does not convince the court."

In deciding the appeal, the superior court stated that "we are of the opinion that, on the basis of the original and additional findings made by that magistrate in his judgment, the inescapable conclusion is that the accident in this case was due solely and exclusively to the negligence of the driver of the truck owned by defendant Julio Vargas Rosado . . ."

Relying not only on the original findings of the judge who took cognizance of the case in the district court but also on the additional findings made by virtue of the order of the superior court, the judgment appealed from was reversed and another rendered sustaining the complaint. The defendants prayed for a writ of certiorari, which we issued.

Let us consider the action of the Superior Court remanding the case to the district court for additional findings and reception of evidence, if deemed necessary.

■ The action of the Superior Court in remanding the case to the district court for specific findings on certain particulars, with authority to hold a hearing to receive additional evidence if deemed necessary, amounts to granting a new trial without the concurrence of the circumstances to warrant the granting thereof. See Rule 48.1 of the Rules of Civil Procedure of 1958. We find no justification warranting the appellate court to order a new hearing to receive additional evidence which, if it existed, should have been introduced during the original trial of the case. In the instant case, as has been seen, the district court heard additional evidence and based on this evidence it made new findings on which the respondent court rendered judgment reversing the judgment appealed from.

■ Error having been committed in hearing additional evidence to elaborate on the findings of fact made by the district court, it is proper to consider the judgment rendered by that court taking into consideration only the original findings of fact and the pertinent evidence.

In deciding the case, the district court ruled "that the proximate and immediate cause of the accident was that the truck skidded while it was being carefully operated." We have examined the evidence which the district judge had under consideration and that conclusion is supported by that evidence.

Consequently, the judgment rendered by the Superior Court sustaining the complaint is reversed.